**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

FORT MYERS DIVISION

CLEAR BLUE INSURANCE COMPANY,

    Plaintiff,

v.

CASE NO. _____

THE GREAT INDOORZ LLC, a Florida corporation, JCRUZ REMODELING LLC, a Florida corporation, LENNAR HOMES, LLC, a Florida limited liability company, and JEROME KRUG as Personal Representative on behalf of the ESTATE OF FRANCES RUTH KRUG,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, CLEAR BLUE INSURANCE COMPANY ("CBIC") hereby files this Complaint for Declaratory Relief against Defendants, THE GREAT INDOORZ LLC, a Florida limited liability company ("TGI"), JCRUZ REMODELING LLC, a Florida limited liability company ("JCRUZ"), LENNAR HOMES, LLC a Florida limited liability company ("Lennar") and JEROME KRUG as Personal Representative on behalf of the ESTATE OF FRANCES RUTH KRUG (the "Estate"), and states the following:

## NATURE OF ACTION

1.     This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

55548683.v1

2.	CBIC seeks a declaratory judgment from this Court regarding its duty to defend, and if resolved in the negative, its duty to indemnify any parties, including but not limited to TGI and Lennar, in connection with a lawsuit pending in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, bearing case number 26-CA-00049, entitled *Jerome Krug as Personal Representative of the Estate of Frances Ruth Krug v. Lennar Homes, LLC, The Great Indoorz, LLC and JCRUZ Remodeling, LLC* (the "Underlying Action").

3.	CBIC believes that it has no duty to defend, and therefore no duty to indemnify any parties, including but not limited to TGI and Lennar, in connection with the Underlying Action pursuant to the terms of a commercial general liability policy of insurance issued by CBIC to TGI as its named insured, bearing policy number BGFL0021839303, with a policy period of September 15, 2023 to September 15, 2024 (the "Policy").

4.	As an initial matter, CBIC contends that the Policy's classifications when compared to the allegations as well as facts and circumstances of the Underlying Action, and the terms of the Policy, bar coverage pursuant to the Policy's "Classification Limitation Endorsement."

5.	Specifically, CBIC contends that because TGI subcontracted work in connection with the construction, erection or repair of a dwelling that was greater than 1 or 2 family dwellings and/or because the subcontractor, JCRUZ, failed to maintain valid and collectible general liability insurance coverage that names TGI

as an additional insured, the Classification Limitation Endorsement bars coverage for both defense and indemnity under the Policy.

6.  As a secondary matter, CBIC contends that the Policy's "Contractors Special Conditions" endorsement bars coverage for both defense and indemnity under the Policy.

7.  CBIC contends that the Contractors Special Conditions endorsement bars coverage because TGI retained a subcontractor, JCRUZ, which failed to maintain valid and collectible general liability insurance that specifically names TGI as an additional insured, and because the Underlying Action fails to allege any claim or "occurrence" that arises wholly or in part, with TGI's use of any subcontractor not in complete compliance with the requirements as set forth in the Contractors Special Conditions endorsement.

## JURISDICTION, VENUE AND PARTIES

8.  The United States District Court for the Middle District of Florida has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is a complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.  Venue is proper in the United States District Court for the Middle District of Florida because one or more of the Defendants reside and/or have a principal place of business in the Middle District of Florida, and the events giving rise to the claims asserted in the Underlying Action occurred in the Middle District of Florida.

10. Plaintiff, CBIC, was and is at all times relevant herein, a Texas-domiciled insurance company organized under the laws of the State of Texas, with its principal place of business in Dallas, Texas.

11. Defendant, TGI, is a Florida limited liability company with its principal place of business in Cape Coral, Florida. Upon information and belief, all managers and members of TGI are citizens of the State of Florida.

12. Defendant, JCRUZ, is a Florida limited liability company with its principal place of business in Cape Coral, Florida. Upon information and belief, all managers and members of JCRUZ are citizens of the State of Florida.

13. Defendant, Lennar, is a Florida limited liability company with its principal place of business in Miami, Florida. Upon information and belief, all managers and members of Lennar are citizens of the State of Florida.

14. Defendant, the Estate, is deemed to be a citizen of Florida pursuant to 28 U.S.C. § 1332(c)(2) because the Estate's decedent was a citizen residing in Punta Gorda, Charlotte County, Florida at the time of her alleged injuries. No specific relief is being requested against the Estate, who has been joined because it is the plaintiff in the Underlying Action and thus interested parties to this action. Should the Estate stipulate to be bound by the declaration of rights herein, CBIC will dismiss the Estate from this matter.

## THE UNDERLYING ACTION

15. On January 15, 2026, the Estate filed an Amended Complaint for Wrongful Death in the Underlying Action (the "Amended Complaint"). A copy of

the Amended Complaint is attached as **Exhibit A.**

16. The Amended Complaint alleges that on or about March 10, 2024, the Estate's decedent suffer fatal injuries caused by the Defendants' negligence and/or wrongful acts related to the design, construction, maintenance, repair, warranty, and/or inspection of the residential property (the "subject premises") located at 14180 Poppy Field Loop, United 4812, in Punta Gorda, Florida.

17. The subject premises is a condominium and/or townhome style real property that is part of a building containing four Family dwelling units.

18. In Counts I and II, the Estate alleges that Lennar caused wrongful death and injuries and was negligent as the owner and/or party responsible for the design, construction, repair, warranty, inspection, and maintenance of the subject premises and/or the spot on the subject premises that injured the Estate's decedent, and should have known of the dangerous condition existing on the subject premises, specifically an unsecured, uneven and/or dangerous threshold of the entry door from the garage, which posed a foreseeable risk of injury.

19. In Counts I and II, the Estate alleges that Lennar's negligence caused the Estate's decedent to sustain fatal injuries due to the unsecured, uneven, defective, unrepaired and/or dangerous garage entry door and passed away on March 16, 2024.

20. In Counts I and II, the Estate seeks all permissible compensatory damages, interest and costs from Lennar.

21. In Counts III and IV, the Estate alleges that TGI caused wrongful death and injuries and was responsible for the construction, maintenance, warranty, repair, and/or inspection of the subject premises and/or the spot on the subject premises that injured the Estate's decedent, and should have known of the dangerous condition existing on the subject premises, specifically an unsecured, uneven and/or dangerous threshold of the entry door from the garage, which posed a foreseeable risk of injury.

22. In Counts III and IV, the Estate alleges that TGI's negligence caused the Estate's decedent to sustain fatal injuries due to the unsecured garage entry door and passed away on March 16, 2024.

23. In Counts III and IV, the Estate seeks all permissible compensatory damages, interest and costs from TGI.

24. In Counts V and VI, the Estate alleges that JCRUZ caused wrongful death and injuries and was responsible for the construction, maintenance, warranty, repair, and/or inspection of the subject premises and/or the spot on the subject premises that injured the Estate's decedent, and should have known of the dangerous condition existing on the subject premises, specifically an unsecured, uneven and/or dangerous threshold of the entry door from the garage, which posed a foreseeable risk of injury.

25. In Counts III and IV, the Estate alleges that JCRUZ's negligence caused the Estate's decedent to sustain fatal injuries due to the unsecured garage entry door and passed away on March 16, 2024.

26. In Counts III and IV, the Estate seeks all permissible compensatory damages, interest and costs from JCRUZ.

27. TGI has requested coverage as an additional insured from JCRUZ's commercial general liability insurer, Granada Insurance Company ("Granada").

28. Granada informed TGI that it does not qualify as an additional insured under the general liability policy issued to JCRUZ.

29. Indeed, Granada has filed an action for declaratory relief against both TGI and JCRUZ for a declaratory judgment that it has no duty to defend or indemnify any party in connection with the Underlying Action.

30. Granada is not presently defending TGI in connection with the Underlying Action.

31. CBIC is providing a defense to TGI in connection with the Underlying Action subject to a full and complete reservation of rights.

## THE POLICY

32. A copy of the Policy is attached as **Exhibit B.**

33. The Policy Declarations contain the following classifications for TGI:

| CLASSIFICATION AND PREMUM ||
|---|---|
| CLASSIFICATION | CODE NO. |
| CARPENTRY - INTERIOR - Includes the installation, service, repair, or removal of doors, shelving, floors, cabinets, windows and wood, hardwood, or parquet flooring. Includes | 91341 |

| | |
|---|---|
| installation of backing material related to wood flooring work. Not applicable to contractors engaged in any other carpentry operation at the same job or location. Excludes abatement work. Includes tear-out and removal of existing cabinetry & woodworking prior to installation.<br>TERRITORY: 006 | |
| Contractors - Subcontracted Work - In connection with construction, erection or repair of 1 or 2 Family dwellings only - This classification covers only work performed solely by a subcontractor which maintains valid and collectible general liability insurance with coverage and limits equal to or greater than those of this policy continuously during the term of all work per it for the Insured hereunder, and which also names the Insured hereunder as Additional Insured under the subcontractor's general liability policy. No other coverage is provided by this classification or code.<br>TERRITORY: 006 | 91583 |

[*    *    *]

34. The Policy contains a commercial general liability part that provides coverage in relevant part as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ...

[*   *   *]

35. The Policy contains the Classification Limitation Endorsement, form FCG-970 12-12, which states the following:

**Commercial General Liability**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**CLASSIFICATION LIMITATION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This insurance will not provide coverage or supplementary payments for defense or expense costs under any part of the policy arising out of operations not described in the Classification(s) of operations shown in the Policy Declarations or the Policy Coverage Schedule whether or not incidental.

[*   *   *]

55548683.v1

36. The Policy contains the Contractors Special Conditions endorsement, form FCG 30 01 22, which states the following:

**COMMERCIAL GENERAL LIABILITY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONTRACTORS SPECIAL CONDITIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

In consideration of the payment of premium, **CG 00 01 12 04** is amended as follows:

The following conditions are added to **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITION**:

10. **CONTRACTORS SPECIAL CONDITIONS – SUBCONTRACTORS**

    This policy provides coverage for any claim for "bodily injury" or "property damage" arising out of, in whole or in part, any work performed by subcontractors only for subcontractors complying with the following conditions:

    a. One or more of classifications 91581, 91583, 91584, and 91585 are specifically listed and included in the Schedule of Classifications and Premium attached to the Declarations of this policy; and

    b. As a condition precedent to coverage under classification 91581, 91583, 91584, or 91585, you are in strict compliance with each of the following requirements:

        1. Any subcontractors performing work for you or on your behalf must maintain during the term of all work performed on your behalf valid and collectible general liability insurance with equal or greater limits as the general liability coverage as provided by this policy.

55548683.v1

> **2.** Such general liability coverage maintained by subcontractors you use must specifically name you as an Additional Insured.

[*  *  *]

## REQUEST FOR DECLARATORY RELIEF

37. CBIC seeks a declaration that it has no duty to defend and therefore no duty to indemnify any party in connection with the Underlying Action based on the following:

 a. That the Classification Limitation Endorsement bars coverage because TGI subcontracted work in connection with the construction, erection or repair of a dwelling that was greater than 1 or 2 family dwellings and/or because the subcontractor, JCRUZ, failed to maintain valid and collectible general liability insurance coverage that names TGI as an additional insured, the Classification Limitation Endorsement bars coverage for both defense and indemnity under the Policy; and

 b. That the Contractors Special Conditions endorsement bars coverage because TGI retained a subcontractor, JCRUZ, which failed to maintain valid and collectible general liability insurance that specifically names TGI as an additional insured, and because the Underlying Action fails to allege any claim or "occurrence" that arises wholly or in part, with TGI's use of any subcontractor not in complete

55548683.v1

compliance with the requirements as set forth in the Contractors Special Conditions endorsement.

## COUNT I – DECLARATORY RELIEF
### (CLASSIFICATION LIMITATION ENDORSEMENT)

38. CBIC reasserts its allegations contained in Paragraphs 1 through 37 above as if fully set forth herein.

39. Pursuant to the Policy, coverage is provided for sums that the insured is legally obligated to pay as damages because of "bodily injury" to which the Policy applies.

40. The Classification Limitation Endorsement provides that the Policy will not provide coverage for any matters arising out of operations not described in the Classification(s) of operations shown in the Policy Declarations or Policy Coverage Schedule whether or not incidental.

41. The Policy Classifications include a classification for the construction, erection or repair of 1 or 2 Family dwellings only, when the work is solely performed by a subcontractor which maintains valid and collectible general liability insurance with coverage and limits equal to or greater than those of this policy continuously during the term of all work per it for the Insured hereunder, and which also names the Insured hereunder as Additional Insured under the subcontractor's general liability policy.

42. The Classification Limitation Endorsement applies because the work subcontracted by TGI to JCRUZ was for the construction, erection or repair of a

four-family dwelling (a four-plex), and therefore, is not a part of the Policy's classifications.

43. The Classification Limitation Endorsement also applies because JCRUZ failed to maintain valid and collectible general liability insurance with coverage and limits equal to or greater than those of the Policy continuously during the term of all work per it and for TGI.

44. The Classification Limitation Endorsement also applies because the commercial general liability policy obtained by JCRUZ failed to name TGI as an Additional Insured.

45. Accordingly, the Policy does not apply to the Underlying Action.

46. There exists a bona fide actual, practical and present need for the declaration of coverage under the Policy and the rights and obligations of CBIC.

47. CBIC, TGI, JCRUZ, LENNAR and the Estate each have an actual and present controversy in the subject matter described herein.

**WHEREFORE**, CBIC respectfully requests that this Court:

 a. Declare that CBIC has no duty to defend and therefore no duty to indemnify any party in connection with the Underlying Action;

 b. Award CBIC its costs in prosecuting this action for declaratory relief;

 c. Require TGI to reimburse CBIC for all reasonable attorneys' fees and costs incurred in defending TGI in connection with the Underlying Action; and

55548683.v1

      d.     Such other relief that is equitable, just, and proper under the circumstances.

## COUNT II – DECLARATORY RELIEF
**(CONTRACTORS SPECIAL CONDITIONS ENDORSEMENT)**

48.    CBIC reasserts its allegations contained in Paragraphs 1 through 37 above as if fully set forth herein.

49.    Pursuant to the Policy, coverage for "bodily injury" is only provided when the "bodily injury" arises out of, in whole or in part, any work performed by subcontractors only that comply with conditions including being listed as a certain classification and that the subcontractors are in strict compliance with maintaining valid and collectible general liability insurance with equal or greater limits as the general liability coverage provided by the Policy and that the subcontractors' general liability insurance must specifically name TGI as an Additional Insured.

50.    The Underlying Action fails to allege "bodily injury" against TGI that arises out of, in whole or in part, any work performed by subcontractors.

51.    TGI's subcontractor, JCRUZ, failed to maintain valid and collectible general liability insurance and failed to obtain general liability insurance that specifically named TGI as an Additional Insured.

52.    Accordingly, the Policy does not apply to the Underlying Action.

53.    There exists a bona fide actual, practical and present need for the declaration of coverage under the Policy and the rights and obligations of CBIC.

54. CBIC, TGI, JCRUZ, LENNAR and the Estate each have an actual and present controversy in the subject matter described herein.

**WHEREFORE**, CBIC respectfully requests that this Court:

a. Declare that CBIC has no duty to defend and therefore no duty to indemnify any party in connection with the Underlying Action;

b. Award CBIC its costs in prosecuting this action for declaratory relief;

c. Require TGI to reimburse CBIC for all reasonable attorneys' fees and costs incurred in defending TGI in connection with the Underlying Action; and

d. Such other relief that is equitable, just, and proper under the circumstances.

Dated:   February 18, 2026
         West Palm Beach, Florida

                              Respectfully submitted,

                              */s/ Dustin C. Blumenthal*
                         By:  Dustin C. Blumenthal
                              Florida Bar No. 083799
                              E-mail: dblumenthal@goldbergsegalla.com

                              **GOLDBERG SEGALLA LLP**
                              500 S. Australian Ave., Ste. 1000
                              West Palm Beach, FL 33401
                              Tel:   (561) 618-4485
                              Fax:   (561) 618-4549

                              *Counsel for Clear Blue Ins. Co.*

55548683.v1