UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLEAR BLUE INSURANCE
COMPANY,

     Plaintiff,

v.                                                                              Case No.:  2:26-cv-417-SPC-DNF

THE GREAT INDOORZ LLC,
JCRUZ REMODELING LLC,
LENNAR HOMES LLC, and
JEROME KRUG, as personal
representative of the Estate of
Frances Ruth Krug,

     Defendants.

_____/

## **ORDER**

Before the Court is Plaintiff Clear Blue Insurance Company's Complaint. (Doc. 1).  As outlined below, the Court dismisses without prejudice Plaintiff's complaint for lack of subject-matter jurisdiction.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).  Plaintiff seeks to bring this action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  (Doc. 1 ¶ 8).  "In a diversity

action, the Court must ensure that the plaintiff alleges that the amount in controversy exceeds $75,000 and that the citizenship of the parties is completely diverse." *Kunce v. SPM of Alabama, LLC*, No. 6:25-CV-533-PGB-RMN, 2025 WL 974674, at *1 (M.D. Fla. Apr. 1, 2025). Here, several of the defendants' citizenship remains unclear.

Defendants The Great Indoorz LLC, JCruz Remodeling LLC, and Lennar Homes LLC ("LLC Defendants") are limited liability companies. As such, they are citizens of every state in which one of their members are domiciled. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004). Plaintiff must be diverse from each of the LLC Defendants' members for federal diversity jurisdiction to exist. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013). When dealing with a limited liability company, it is necessary to "drill down into the 'ownership flow chart'" to determine citizenship. *CityPlace Retail, LLC v. Wells Fargo Bank, N.A.*, No. 20-11748, 2021 WL 3486168, at *3 (11th Cir. July 15, 2021). This is the case no matter how many layers are involved. *Purchasing Power, LLC v. Bluestem Brands, LLC,* 851 F.3d 1218, 1220 (11th Cir. 2017) ("[I]t is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC.").

Plaintiff has not identified the LLC Defendants' members, much less informed the Court of the citizenship of such members. It only alleges that "upon information and belief, all managers and members" of each company "are citizens of the State of Florida." (Doc. 1 ¶¶ 11–13). But this is insufficient. "[T]he Complaint must identify each of the [LLC's] members and their citizenship." *Accident Ins. Co., Inc. v. V&A Drywall & Stucco, Inc.*, No. 2:20-CV-00407-SPC-MRM, 2020 WL 3128861, at *1 (M.D. Fla. June 12, 2020) (finding insufficient an allegation that "upon information and belief, each and every member of PLATINUM is a resident of Florida"); *see also Rolling Greens*, 374 F.3d at 1022 (explaining "a party must list the citizenships of all the members of the limited liability company"). Because Plaintiff fails to do so, the Court's jurisdiction is uncertain.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

2. Plaintiff may file an amended complaint on or before **March 5, 2026**. **Failure to do so will cause the Court to close this case without further notice**.

3

**DONE** and **ORDERED** in Fort Myers, Florida on February 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4